USCA1 Opinion

 

 February 24, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1696 ANGEL LUIS FIGUEROA, Plaintiff, Appellant, v. SPECIAL AGENT JAMES J. DOYLE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Angel Figueroa on brief pro se. ______________ Donald K. Stern, United States Attorney, and Susan M. Poswistilo, ________________ ___________________ Assistant United States Attorney, on brief for appellees. ____________________ ____________________ Per Curiam. On October 12, 1993, we remanded this case ___________ so that plaintiff (as he had requested) might attempt to amend his complaint to state a claim under Bivens v. Six ______ ___ Unknown Named Agents, 403 U.S. 388 (1971). See Figueroa v. ____________________ ___ ________ DEA, 7 F.3d 218 (1st Cir. 1993) (table) (per curiam). ___ Plaintiff thereafter failed to do so, and took no other action apart from submitting a change of address form to the district court. On April 21, 1994, defendants filed a motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff filed no opposition, and the district court granted the motion on May 19, 1994. Having now appealed from this ruling, plaintiff makes no reference to the Rule 41(b) dismissal in his principal brief. Only in his reply brief does he attempt an explanation, alleging that (1) he had assumed the district court would initiate the necessary further proceedings, and (2) he never received a copy of the defendants' motion to dismiss (despite the appearance therein of a proper certificate of service). We affirm. By failing to seek reconsideration below (a measure he has employed earlier in this litigation), and by failing to challenge the Rule 41(b) dismissal in his principal brief on appeal, plaintiff has waived the issue. See, e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, ___ ____ _______________ _____________ 354 (1st Cir. 1992) ("It is well settled in this court ... that a legal argument made for the first time in an appellant's reply brief comes too late and need not be addressed."). We add that invocation of the waiver rule here would work no injustice, inasmuch as plaintiff's substantive claim (upon which he has elaborated in his appellate papers) appears entirely meritless. By way of the instant attack on the forfeiture of his assets, plaintiff is seeking simply to challenge the sufficiency of the evidence supporting his underlying conviction--a challenge we have decisively rejected in the past. See Figueroa v. United States, 19 F.3d ___ ________ _____________ 7 (1st Cir. 1994) (table) (per curiam); United States v. ______________ Figueroa, 976 F.2d 1446 (1st Cir. 1992), cert. denied, 113 S. ________ ____________ Ct. 1346 (1993). Affirmed. _________ -3-